HARTZELL INDUSTRIES, INC.,
Plaintiff-Appellant,

v.

McCAULEY INDUSTRIAL CORPORA-
TION, Defendant-Appellee.

No. 14554.

United States Court of Appeals
Sixth Circuit.

June 26, 1962.

H. A. Toulmin, Jr., Dayton, Ohio, for appellant, Toulmin & Toulmin, George W. Stengel, Dayton, Ohio, on the brief.

Lawrence B. Biebel, Dayton, Ohio, for appellee, Marechal, Biebel, French & Bugg, Dailey L. Bugg, Dayton, Ohio, on the brief.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

In its complaint in the District Court, plaintiff-appellant, Hartzell Industries, Inc., charged defendant-appellee, McCauley Industrial Corporation, with infringement of claims 1, 2, 8 and 9 of plaintiff's reissue patent No. 24,530. Defendant's motion for a summary judgment dismissing plaintiff's complaint as

to claims 8 and 9 was granted. This appeal followed.

The device involved is described as a full-feathering propeller used on airplanes to aid flight control. Plaintiff's assignor, the inventor, David Bierman, applied for a patent for such device on November 6, 1952, and a patent therefor was issued on November 8, 1955 (Patent No. 2,722,985). Application for reissue of such patent was made January 11, 1956 (approximately two months after the issuance of the original patent). The reissue patent (Re. 24,530) was issued on September 2, 1958. Reissue patent No. 24,530 sets forth nine claims. Claims 1 to 6 are identical with claims of the original patent, but claims 7 to 9 are not.

Commencing in August, 1952, (approximately three months prior to application for the original patent) and continuing thereafter, plaintiff has sold full-feathering propellers made according to the teachings of reissue patent No. 24,-530. The contention of defendant's motion for summary judgment is that inasmuch as claims 8 and 9 of the reissue patent are not identical with claims in the original patent, and inasmuch as the invention described by them had been in public use (through plaintiff's sale of the patented propeller) for more than a year prior to January 11, 1956, (the date of the application for the reissue patent) the reissue patent is invalid as to claims 8 and 9. This is so, defendant argues, because § 102(b), Title 35 U.S.C.A., forbids issuance of a patent for an invention if such invention was "patented or described in a printed publication in this or a foreign country *or in public use or on sale* in this country, more than one year prior to the date of the application for patent in the United States * * *." Defendant says that although § 102(b) by its own terms relates to original applications for patents, it is now applicable to reissue patents because of the language in § 251, Title 35, U.S.C.A. (relating to reissue patents) which provides that "the provisions of this title relating to applications for patent shall be applicable to applications for reissue of a patent * * *."

Defendant's motion for summary judgment was based upon the factual averments of the complaint, plaintiff's answers to interrogatories and an affidavit of defendant's counsel. There is nothing in such material from which it can be said or inferred with factual certainty that the reissued patent described anything more than the *invention disclosed in the original patent* or that *new matter was introduced into the application for reissue.* We emphasize these observations because we consider them critical to the decision we must make. The averments of defendant's motion say no more than that claims 8 and 9 of the reissue patent are not identical with claims of the original patent and that such claims 8 and 9 "are obviously different from and broader in scope than the original claims 1 and 2" (counsel's affidavit). Such averments do not establish, beyond factual dispute, that claims 8 and 9 of the reissued patent are not comprehended by *the invention disclosed in the original patent* or that they introduce *new matter* constituting a *new invention.*

For support of its motion for summary judgment, the defendant, as did the District Judge in granting it, placed primary reliance on the case of Crane Packing Co. v. Spitfire Tool & Machine Co., 276 F.2d 271 (CA 7, 1960) cert. denied, 363 U.S. 820, 80 S.Ct. 1259, 4 L.Ed.2d 1517. The announcement of this decision excited the patent bar. It was, by some, construed as holding that if a reissue patent contained claims not identical with those of the original patent, or to any extent broadened them, it would be invalid if the patented device had been patented or in public use more than a year prior to the application for the reissue patent. A reading of the District Court's opinion in this case suggests that he gave the Spitfire decision such meaning. In discussing § 252 of Title 35 U.S.C.A., which provides that "every reissued patent shall have the same ef-

fect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form  *  *  * " the District Judge's opinion says:

"However, in the opinion of this Court the quoted language of § 252 merely means that an inventor does not lose any of the protection of his original patent where the *claims are identical* as his protection of the original claims dates back to the date of the original patent, and his protection under claims *not identical* to those in the original patent runs *from the date of the reissue.*" (Emphasis provided)

To the extent it could be construed as announcing law which would invalidate a large percentage of recently reissued patents, the Spitfire case was repudiated by some members of an en banc panel of the 7th Circuit which heard and decided the case of Union Asbestos & Rubber Co. v. Paltier Corporation, 298 F.2d 48 (CA 7, 1962), cert. denied 82 S.Ct. 1031. Likewise, the Patent Office Board of Appeals in Ex parte Strassburger, 127 U.S.P.Q. 417, refused to follow Spitfire if such decision was to be read as holding that a reissue patent could not validly issue if the application therefor was made more than one year later than the date of the original patent.

Defendant here, supported by Spitfire and the concurring opinion of Judge Castle in Union Asbestos & Rubber Co. v. Paltier Corporation, supra, contends that the language in § 251 (relating to reissue patent) which reads, "The provisions of *this title* relating to applications for patent shall be applicable to applications for reissue of a patent  *  * " makes § 102(b) (relating to patentability of inventions) applicable to reissue patents. The majority opinion in the Paltier Corporation case holds to the contrary. The decision of whether or not a summary judgment should have been entered here does not require us to agree or disagree with one or the other of the opposing contentions in such regard.

We hold that the mere fact that claims 8 and 9 of reissue patent No. 24,-530 are not identical with the claims of the original patent and are broader in scope does not destroy their validity as parts of the reissued patent. The early decision of Grant v. Raymond, 6 Pet. (31 U.S.) 218, 8 L.Ed. 376 (1832) held that a reissued patent which does not claim an invention not disclosed in the original, protects the patentee from the date of the original patent. Chief Justice Marshall there said:

"But the new patent, (reissue patent) and the proceedings on which it issues, have relation to the original transaction. The time of privilege still runs from the date of the original patent. The application may be considered as appended to the original application and if the new patent is valid, the law must be considered as satisfied if the machine was not known or used before that application."

The present Patent Act, in Chapter 25, Title 35, U.S.C.A., provides for "Amendment and Correction of Patents." Section 251 thereof provides, in part:

"Whenever any patent is, through error  *  *  * deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or *less than he had a right to claim in the patent,* the Commissioner shall  *  *  * reissue the patent *for the invention disclosed in the original patent*  *  *  * for the unexpired part of the term of the original patent. No *new matter* shall be introduced into the application for reissue." (Italics supplied)

Essential to the granting of the reissued patent, therefore, was the Commissioner's finding that Reissue Patent No. 24,530 was for the invention disclosed in the original patent and, likewise, that the application therefor, including the new claims 8 and 9, did not introduce new matter. Initially we as-

sume that he made such necessary finding. A reissue patent is given the same presumption of validity as that given to an original patent. Hazeltine Research, Inc. v. Avco Mfg. Corp. et al., 227 F.2d 137, 146 (CA 7, 1955); England v. Deere & Co., 284 F.2d 460 (CA 7, 1960).

The last paragraph of Section 251, Title 35 U.S.C.A., provides that, "No reissued patent shall be granted *enlarging* the scope of the claims of the original patent unless applied for within two years from the grant of the original patent." The patent laws contemplate that reissued patents may enlarge the scope of the claims of an original patent, including situations where in the patentee's original application he claimed "less than he had a right to claim in the patent." The law contemplates that a patentee may use the rights given him by § 251 to more correctly describe an invention already patented. His new claims will not be held invalid against subsequent infringers merely because, for a year prior to his application for a reissue patent, he has been selling his invented device under the protection of his original patent. In England v. Deere & Co., 284 F.2d 460, 464, the 7th Circuit said, "The right which the patentee had to correct defects in the specifications surely gives him the right to include new claims incorporating those corrections."

Under Section 252, Title 35 U.S.C.A., it is provided that, " * * * every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in *such amended form* * *." The language of Section 252 relating to claims in a reissue patent which are identical or not identical with the claims of the original patent bears only on the protection given to those who may have infringed the new claims prior to the application for the reissue patent. See discussion on this subject in ex parte Strassburger, 127 U.S.P.Q. 417, and a limited consideration of it in Sontag

Chain Stores Co. v. National Nut Co., 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204. We deal here only with the propriety of a summary judgment entered upon the legal view that new claims in a reissue patent, solely because they are not identical with those of the original, are invalid where what they describe has been in public use for more than a year prior to the application for the reissue patent. We consider such legal conclusion erroneous. Title 35 U.S.C.A. § 251; England v. Deere & Co., 284 F.2d 460, 464 (CA 7, 1960); Union Asbestos & Rubber Company v. Paltier Corporation, 298 F. 2d 48, (C.A. 7, 1962) cert. denied 82 S.Ct. 1031. We do not decide the consequences to the litigants here if, upon trial, it is found that the application for reissue patent No. 24,530 did, in fact, introduce *new matter* by the inclusion of new claims 8 and 9, and that the reissue patent, with such claims a part of it, describes something other than "the invention disclosed in the original patent." The District Judge did not make any such finding nor consider such finding necessary. The material relied on by defendant in his motion did not demonstrate that there was no issue on such factual question. On this appeal, defendant urges us to make such findings by examining the specifications, the drawings, the claims and the oath of the inventor, all a part of the application for the reissue patent. It is not our function to do so. The taking of testimony will undoubtedly be necessary to resolve such factual questions. The language of Judge Swygert's concurring opinion in the Paltier case is appropriate here, " * * * I think that when the District Court hears the case on its merits, a determination is required whether the disputed reissue claims are merely a broadening—'a filling out'—of the original claims within the limits of the alleged invention, or are directed to a different invention and, therefore, come within the ambit of Muncie Gear Works, Inc. v. Outboard, Marine & Mfg. Co., 315 U.S. 759, 62 S.Ct. 100 [865], 86 L.Ed. 1171,

and Engineering Development Laboratories v. Radio Corporation of America, 2 Cir., 153 F.2d 523 (CA2, 1946)."

Summary judgment dismissing plaintiff's complaint as to claims 8 and 9 of reissue patent No. 24,530 is vacated.